[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 09, 2007
THOMAS K. KAHN
CLERK

No.  05-14918

D. C. Docket Nos. 04-60362 CV-JAG
00-06258-CR-PCH

LIDIA RAMOS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(March 9, 2007)**

Before TJOFLAT, FAY and SILER,* Circuit Judges,

---

*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM.

In this appeal, Lidia Ramos seeks to vacate her convictions and sentences[1] for both conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Ramos filed the motion to vacate pursuant to 28 U.S.C. § 2255, contending that at trial, she received ineffective assistance of counsel[2] as articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The district court denied the motion, and we affirm.[3]

The district court referred the motion to vacate to a magistrate judge, who conducted an evidentiary hearing regarding Ramos's Strickland claims. To prevail on an ineffective assistance of counsel claim, the petitioner must establish both deficient performance of counsel and prejudice to the defense resulting from that

---

[1] Upon her conviction on both the conspiracy and possession counts, the District Court for the Southern District of Florida sentenced Ramos to two concurrent terms of ten years in prison.

[2] Ramos alleges that her trial counsel was ineffective for misadvising her to attend a debriefing conference with government agents, failing to attend the conference with her, improperly cross-examining a government witness, admitting the substance of her debriefing statement into evidence, failing to seek curative instruction or move for mistrial following that admission, and insisting that she testify without the benefit of pre-trial preparation.

[3] Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact that we review de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).

2

deficient performance.  <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064.  It is well-settled, moreover, that a court may decline to address the issue of deficient performance if the petitioner cannot demonstrate prejudice.  <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11th Cir. 1995).  On July 19, 2005, the magistrate judge issued a report concluding that, given Ramos's behavior on the day of the incident, as well as her post-arrest oral and written statements, sufficient evidence existed to support both convictions and that "the fundamental fairness of the trial was not compromised."  Finding no prejudice, the magistrate judge recommended that the motion to vacate be denied.  After an independent review, the district court adopted the magistrate judge's report and recommendation, and denied Ramos's motion to vacate.

After considering the arguments presented, we agree.  The judgment of the district court is

AFFIRMED.